IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS RODRÍGUEZ ROBLEDO

Plaintiffs

v.                                              CIVIL NUMBER: 98-1547 (JAG)

PUERTO RICO ELECTRIC POWER
AUTHORITY AND XYZ INSURANCE
COMPANIES

Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by third party defendants Roberto Santiago, Ramona Santiago-Pagán and their conjugal partnership (hereinafter "the Santiagos"). See Docket No. 61. Defendant and third party plaintiff, PREPA, has opposed the same. See Docket No. 66. For the reasons that follow, the Court recommends that the third party defendants' Motion for Summary Judgment be GRANTED and that the Third Party Complaint (Docket No. 18) be DISMISSED as to said defendants.

The plaintiff in this diversity action originally filed suit against PREPA for alleged damages suffered when he came into contact with a high tension wire installed, operated and controlled by PREPA. On March 2, 1999, PREPA filed a third party complaint against the Santiagos. In the same, PREPA alleges that the Santiagos owned the structure where the plaintiff was electrocuted, and that said building was constructed in violation of laws, regulations and national standards governing side clearances of structures near electrical power lines. See Third Party Complaint (Docket No. 18) at ¶¶ 25, 26.





AO 72A
(Rev.8/82)

CIVIL 98-1547 (JAG)                              2

PREPA, in its opposition to the Santiagos' Motion for Summary Judgment and Accompanying Statement of Contested Facts (Docket No. 66) does not dispute the fact that the Santiagos are the plaintiff's "statutory employers", hence immune from suit under the Puerto Rico Workers Compensation Act, P.R. Laws Ann. tit. 11 § 21. See Lugo Sánchez v. Autoridad de Fuentes Fluviales, 105 D.P.R. 861 (1977); Torres Solis v A.E.E., 136 D.P.R. 302 (1994). See also Third Party Defendants' Statement of Uncontested Material Facts (Docket No. 61). Notwithstanding, PREPA maintains that the Santiagos' violation of laws and regulations concerning electrical power lines, constitutes an intentional act outside the scope of the Workers Compensation Act. See Pacheco Pietri v. E.L.A., 133 D.P.R. 907, 919 n. 6 (1993); Odriozola v S. Cosmetic Dist. Corp. 116 D.P.R. 485 (1985).

The Court finds PREPA's argument unconvincing. A covered "employer" is not exempted from the protection of the Workers Compensation Act merely because it fails to comply with a legal obligation or a law. See Viuda de Costas v. P.R. Olefins, 107 D.P.R. 782, 788 (1978). Such misfeasance as a matter of law does not amount to an intent to injure. See Welch v. Schneider Nat'l. Bulk Carriers, 676 F. Supp. 571 (D.N.J. 1987) (violation of state and federal statutes does not amount to intentional wrong); Greene v. Metals Selling Corp., 484 A. 2d 478 (1984) (OSHA violations does not amount to intentional wrong); J.B. Coxwell Contracting, Inc. v. Shafer, 663 So. 2d 659 (Fla. Dist. Ct. App. 1995), rev. den., 673 So. 2d 30 (Fla. 1996) (same); Reeves v. Structural Preservation Sys., 731 So. 2d 208 (La. 1999) (same); 6 Larson's Workers' Compensation Law § 103.03 (Mathew, Bender 2000 Supp.).[1]

---

[1] In matters of workmens compensation, the Puerto Rico Supreme Court has looked to state and federal law for guidance. See, e.g., Laureano Pérez v Soto, 141 D.P.R. 77, 84-85 (1996). This being a diversity case, the Court shall follow this lead.

CIVIL98-1547 (JAG)                                3

PREPA further does not argue that the laws concerning electrical power lines evidence a public policy decision on the part of the legislature to disregard the Workers Compensation Act's exclusive remedies. See Welch v. Schneider Nat'l. Bulk Carriers, 676 F. Supp. at 575.

Based on the above authority the Court finds itself compelled to recommend as a matter of law the dismissal of PREPA's Third Party Complaint against the Santiagos. Wherefore, the Court hereby recommends that third party defendants' Motion for Summary Judgment (Docket No. 61) be GRANTED and PREPA's opposition thereto (Docket No. 66) be DENIED. PREPA's Third Party Complaint (Docket No. 18) should thus be dismissed as to the Santiago defendants.

The Court further recommends that partial judgment be entered as to the dismissal of third party claims against the Santiagos, as there is no just reason to delay the entry of judgment.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

In San Juan, Puerto Rico, this 20th day of July, 2001.

GUSTAVO A. GELPÍ
United States Magistrate Judge

AO 72A
(Rev.8/82)