```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF PUERTO RICO
```

CARLOS RODRÍGUEZ ROBLEDO

Plaintiff

v.                                      CIVIL NO. 98-1547 (JAG)

PUERTO RICO ELECTRIC POWER
AUTHORITY, et. als.

Defendants

---

## REPORT & RECOMMENDATION

Before the Court is defendant PREPA's "Motion for Summary Judgment" (Docket No. 117) and plaintiff's opposition thereto (Docket No. 123).

This is a diversity action founded on Article 1802 of the Puerto Rico Civil Code, P. R. Laws Ann. tit. 31 § 5141. The plaintiff alleges that in 1995, while working at a construction site located on the second story of a building, he sustained a severe electric shock when a crowbar he was holding came into contact with one of PREPA's electric power lines.

In its Motion for Summary Judgment, PREPA asserts that the Court should not impose liability upon it because the proximate cause of the accident was plaintiff's employer's failure to comply with federal and state Occupational Safety and Health Act standards, as well as the regulations promulgated by the Commonwealth Planning Board. See PREPA's Memorandum of Law in Support of Motion for Summary Judgment at pages 4-7, 11, 13. PREPA further asserts that no causal nexus exists between any act or omission by it and plaintiff's injury. See id. at page 15.

In his opposition to PREPA's motion for Summary Judgment, plaintiff in turn, brings forth evidence that approximately two weeks prior to the accident in question PREPA officials were aware of the dangerous proximity of PREPA's power lines to the construction site where





CIVIL NO. 98-1547 (JAG)                               2

the plaintiff was working. <u>See, e.g.</u>, Exhibit 3 to Plaintiff's Opposition at pages 50 - 51. Plaintiff also has presented expert evidence suggesting that PREPA could and should have minimized the risk created, which ultimately resulted in the harm to plaintiff. <u>See, e.g.</u> Exhibit 17 to Plaintiff's opposition at page 5.

Viewing the entire record, in the light most favorable to the party opposing summary judgment ( the plaintiff in this case), this Court finds that there exist genuine issues of material fact which warrant that this case be tried before a jury. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Oliver v. Digital Equipment Corp.</u>, 846 F. 2d 103, 105 (1st Cir. 1988). Here, the non-moving party has met its burden of producing "enough evidence to show that it is entitled to a trial, not that it will necessarily be successful at trial." <u>Rivera v. Clark Melvin Securities, Corp.</u>, 59 F. Supp. 2d 297, 301 (D.P.R. 1999).

Furthermore, as PREPA notes in its Motion for Summary Judgment, causation is a controlling element in this tort case. PREPA contends that this element is lacking, however, plaintiff has brought forth contrary evidence in his favor. An evaluative determination of causation, where there might be a difference of opinion, as is the case here, is a matter for the jury to decide. <u>Marshall v. Pérez Arsuaga</u>, 828 F 2d 845, 848-849 (1st Cir. 1987). <u>But cf.</u> <u>id</u> at 853-855 (Torruella, J., dissenting).

Wherefore, in light of the above, the Court hereby **RECOMMENDS** that PREPA's "Motion for Summary Judgment" (Docket No. 117) be **DENIED**.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch v. Massachusetts Elec.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Secretary of Health and Human Servs.</u>, 836 F.2d 4, 6 (1st Cir.

CIVIL NO. ~~99-1199~~ 98-1547 (JAG)    3

1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 12th day of October, 2001.

GUSTAVO A. GELPI
United States Magistrate-Judge